UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| JOHN JOSEPH DOHERTY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMISSIONER OF ) <br> SOCIAL SECURITY, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 1:17-cv-984 <br><br> Honorable Janet T. Neff |

## REPORT AND RECOMMENDATION

This is a social security action brought under 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB). On March 3, 2015, plaintiff filed his application for DIB benefits. Plaintiff alleged an October 1, 2014, onset of disability. (ECF No. 7-5, PageID.143). Plaintiff's claim was denied on initial review. (ECF No. 7-4, Page.ID.89-92). On November 17, 2016, he received a hearing before an ALJ. (ECF No. 7-2, Page.ID.53-70). On February 8, 2017, the ALJ issued his decision finding that plaintiff was not disabled. (Op., ECF No. 7-2, PageID.42-47). On September 21, 2017, the Appeals Council denied review (ECF No. 7-2, PageID.25-27), rendering the ALJ's decision the Commissioner's final decision.

Plaintiff timely filed his complaint seeking judicial review of the Commissioner's decision. Plaintiff argues that the Commissioner's decision should

be overturned on the following grounds:

> I. The ALJ committed reversible error in failing to find that plaintiff's NYHA class four congestive heart failure meets and/or equals the criteria of Listing 4.02 within the insured period.
>
> II. The ALJ failed to comply with SSR 96-8p in assessing plaintiff's RFC.
>
> III. The ALJ committed reversible error in failing to accord proper weight to the opinion of Eugene M. Choo, M.D., who is a specialist in the impairment of which plaintiff suffers.

(Plf. Brief, 1-2, ECF No. 11, PageID.824-25). For the reasons stated herein, I recommend that the Court affirm the Commissioner's decision.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support

a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73; *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion.").

## The ALJ's Decision

The ALJ found that plaintiff met the disability insured status requirements of the Social Security Act through December 31, 2014. (Op., 3, ECF No. 7-2, PageID.44). Plaintiff had not engaged in substantial gainful activity from his alleged onset of disability date of October 1, 2014, through December 31, 2014. (*Id.*). Through his date last insured, plaintiff had the following severe impairments: "renal failure, obesity, and congestive heart failure." (*Id.*). Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of a listing impairment. (*Id.* at 4, PageID.45). The ALJ found that, through his date last insured, plaintiff retained the residual functional capacity (RFC) to perform a range of light work with the following exceptions: "he could occasionally climb ladders, ramps and stairs. The claimant could occasionally balance, stoop, kneel, crouch, and crawl." (*Id.*).

The ALJ found that plaintiff's statements regarding the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. (*Id.* at 5, PageID.46).

The ALJ found that plaintiff was not disabled at step four of the sequential

analysis because he could perform past relevant work as a health and safety inspector. (*Id.* at 6, PageID.47). The ALJ relied on the testimony of a vocational expert (VE). The VE classified the plaintiff's past relevant work as skilled and generally performed at the light exertional level according to the Dictionary of Occupational Titles and at the heavy exertional level as plaintiff performed it. (ECF No. 7-2, PageID.63-64, 67).

## Discussion

### 1.

Plaintiff argues that the ALJ's decision finding that his impairments did not meet or equal Listing 4.02 during the disability insured period is not supported by substantial evidence. (Plf. Brief, 9-10, ECF No. 11, PageID.832-33; Reply Brief, 1-2, ECF No. 13, PageID.859-60). Listing 4.02 addresses chronic heart failure.

The Listing of Impairments "describes impairments the SSA considers to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *Rabbers v. Commissioner*, 582 F.3d 647, 653 (6th Cir. 2009) (internal quotations omitted). "Because satisfying the listings yields an automatic determination of disability ... the evidentiary standards [at step three] ... are more strenuous than for claims that proceed through the entire five-step evaluation." *Peterson v. Commissioner*, 552 F. App'x 533, 539 (6th Cir. 2014). Plaintiff bears the burden of demonstrating that he meets or equals a listing impairment at the third step of the sequential evaluation. *Id.* An impairment that only meets some of the criteria does not satisfy plaintiff's burden. *Sullivan v. Zebley*,

493 U.S. 521, 530 (1990).

The requirements of Listing 4.02 are as follows:

4.02 *Chronic heart failure* while on a regimen of prescribed treatment, with symptoms and signs described in 4.00D2. The required level of severity for this impairment is met when the requirements in both A and B are satisfied.

A. Medically documented presence of one of the following:

> 1. Systolic failure (see 4.00D1a(i)), with left ventricular end diastolic dimensions greater than 6.0 cm or ejection fraction of 30 percent or less during a period of stability (not during an episode of acute heart failure); or
>
> 2. Diastolic failure (see 4.00D 1a(ii)), with left ventricular posterior wall plus septal thickness totaling 2.5 cm or greater on imaging, with an enlarged left atrium greater than or equal to 4.5 cm, with normal or elevated ejection fraction during a period of stability (not during an episode of acute heart failure);

AND

B. Resulting in one of the following:

> 1. Persistent symptoms of heart failure which very seriously limit the ability to independently initiate, sustain, or complete activities of daily living in an individual for whom an MC, preferably one experienced in the care of patients with cardiovascular disease, has concluded that the performance of an exercise test would present a significant risk to the individual; or
>
> 2. Three or more separate episodes of acute congestive heart failure within a consecutive 12–month period (see 4.00A3e), with evidence of fluid retention (see 4.00D2b(ii)) from clinical and imaging assessments at the time of the episodes, requiring acute extended physician intervention such as hospitalization or emergency room treatment for 12 hours or more, separated by periods of stabilization (see 4.00D4c); or
>
> 3. Inability to perform on an exercise tolerance test at a workload equivalent to 5 METs or less due to:
>
>> a. Dyspnea, fatigue, palpitations, or chest discomfort; or

> b. Three or more consecutive premature ventricular contractions (ventricular tachycardia), or increasing frequency of ventricular ectopy with at least 6 premature ventricular contractions per minute; or
>
> c. Decrease of 10 mm Hg or more in systolic pressure below the baseline systolic blood pressure or the preceding systolic pressure measured during exercise (see 4.00D4d) due to left ventricular dysfunction, despite an increase in workload; or
>
> d. Signs attributable to inadequate cerebral perfusion, such as ataxic gait or mental confusion.

20 C.F.R. Part 404, Subpart P, App. 1, § 4.02.

The ALJ found that, through his date last disability insured, plaintiff's impairments did not meet or equal the requirements of any listed impairment, including listing 4.02:

> The claimant did not have systolic failure or diastolic failure and persistent symptoms of heart failure which very seriously limited [his] ability to independently initiate, sustain, or complete activities of daily living, three or more separate episodes of acute congestive failure within a consecutive 12-month period and inability to perform on an exercise tolerance test at workload equivalent of 5 METs or less.

(Op., 4, ECF No. 7-2, PageID.45).

Plaintiff argues that he had "multiple hospitalizations" and that after his date last disability insured, Dr. Choo offered an opinion classifying him as "NYHA class 4, which precludes all exertion." (Plf. Brief, 10, ECF No. 11, PageID.833) (citing ECF No. 7-8, PageID.507).[1]  Plaintiff states that Dr. Choo's opinion "pertained to a

---

[1] Plaintiff cites a February 3, 2015, progress note by Kelly Morgan, M.D., not Dr. Choo. Dr. Morgan classified plaintiff as "NYHA class 4" on that date, but she offered no opinion regarding plaintiff's functional restrictions during the period at issue. (ECF No. 7-8, PageID.507).

condition which had been in existence during the insured period[.]" (*Id.*). Defendant is correct that a reference to hospitalizations and an opinion provided by a consulting cardiologist after plaintiff's date last disability insured does not satisfy plaintiff's burden of demonstrating that he met or equaled every requirement of Listing 4.02. (Def. Brief, 6, ECF No. 12, PageID.846). Further, plaintiff's burden on appeal is much higher than identifying evidence on which the ALJ could have made contrary findings. *See Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003).

Plaintiff argues in his reply brief that he met or equaled Part A(1) of Listing 4.02 because an echocardiogram taken during his December 2014 hospitalization showed an ejection fraction of "30%-35%." (Reply Brief, 2, ECF No. 13, PageID.860) (citing ECF No. 7-7, PageID.230). This argument fails to address plaintiff's burden of satisfying all the requirements of Listing 4.02. Further, it ignores Part A(1)'s requirement that the ejection fraction of thirty percent or less be during a period of stability, not during an episode of acute heart failure. *See Allen v. Commissioner*, No. 1:17-cv-376, 2018 WL 4625738, at *5 (W.D. Mich. Sept. 27, 2018); *Smitherman v. Commissioner*, No. 17-12607, 2018 WL 4572696, at *4-5 (E.D. Mich. May 7, 2018).

The period at issue is very narrow: October 1, 2014, through December 31, 2014. Plaintiff's administrative hearing attorney advised the ALJ that there were no medical source statements regarding plaintiff's functional limitations during the period at issue, and that there were no current evaluations. (ECF No. 7-2, PageID.59).

Plaintiff did submit his medical records from his December 2014

hospitalization. (ECF No. 7-7, PageID.225-37; ECF No. 7-8, PageID.453-97; ECF No. 7-9, PageID.639-44). The ALJ summarized the record of this hospitalization as follows:

> [T]he claimant was admitted to the hospital due to worsening shortness of breath, worsening cough, and lower extremity edema. The claimant's weight was 374 pounds. It was noted that the claimant had bilateral lower extremity edema, an elevated BNP of 591, a chest x-ray consistent with heart failure, and acute kidney injury. An echocardiogram demonstrated reduced LV function with an ejection fraction of 30-35%. Cardiologist diagnosed the claimant with acute systolic heart failure. The claimant's treatment included Lipitor, aspirin, Coreg and Burnex. On December 16, 2014, the claimant was discharged home.

(Op., 3, PageID.44).

The ALJ considered the medical evidence generated after plaintiff was discharged from the hospital and before his date last disability insured. (*Id.*). On December 22, 2014, plaintiff appeared for a follow-up examination at Patient Central/Urgent Care. He reported that he had "no chest pain with exertion or at rest." (*Id.*). On December 29, 2014, a "clinician noted that [plaintiff] had no skin break down[,] but skin changes were consistent with decreased circulation [to his] lower extremities." (*Id.*).

Plaintiff's condition deteriorated after his date last disability insured.[2] (ECF No. 7-2, PageID.68). The ALJ considered this medical evidence:

> The claimant was hospitalized from February 2, to 24, 2015, for hematuria, acute kidney injury and difficulty breathing. A heart catheterization revealed critical multilevel coronary disease and severe pulmonary arterial hypertension with elevated left ventricular end-diastolic pressure. He was started on hemodialysis on February 9, 2015 (Exhibits 1A, 4F, 5F, 6F, 18F, 19F, 20F, 21F, 22F, and 23F). Subsequent

---

[2] On August 4, 2015, plaintiff had open-heart surgery. (ECF No. 7-2, PageID.58; ECF No. 7-7, PageID.378-95; ECF No. 7-8, PageID.437-51).

    to discharge, he continued dialysis three days a week. (Exhibits 8F, 9F, 10F, 11F, 24F, 25F and 26F).

(Op., 4, PageID.45). Evidence from outside the disability insured period is "minimally probative" and is considered only to the extent that it illuminates the plaintiff's condition during the period at issue. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988*); Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987).

  On February 3, 2015, Physician's Assistant Renee Halliday completed a progress note stating that plaintiff's principal problem was "[a]cute on chronic systolic and diastolic heart failure, NYHA class 4." (ECF No. 7-9, PageID.547). Plaintiff argues that by "signing this consult, Dr. Choo agreed with the diagnosis and assessments." (Reply Brief, 4, ECF No. 13, PageID.862). Even if Dr. Choo accepted the physician's assistant's diagnosis and assessment, nothing in this progress note can be construed as Dr. Choo's opinion that plaintiff had the same level of functional restriction during the period at issue. I find no basis for disturbing the Commissioner's decision.

### 2.

  Plaintiff's second claim of error is that the "ALJ failed to comply with SSR 96-8p in assessing [plaintiff's] RFC." (Plf. Brief, 1, ECF No. 11, PageID.824). Plaintiff argues that Marilyn Viera, D.O., treated a problem involving his right shoulder and that it should have been declared a severe impairment and its effects on his RFC calculated. (*Id.* at 10-12, PageID.833-35).

  The ALJ found that plaintiff's right shoulder problem was not a severe

impairment:

> The claimant was diagnosed with chronic right shoulder pain, which I find not to be a medically determinable impairment. Pain is a symptom, not a diagnosis. There are no radiographs[] filed to establish a right shoulder disorder. On December 1, 2014, [a] clinician noted that the claimant had no marked muscle atrophy of the bilateral shoulders and vascular and neurological status were normal (Exhibit 12F). In April 2015, the claimant reported on his Function Report that he had no physical limitations except for bending (Exhibit 4E).

(Op., 4, ECF No. 7-2, PageID.45).

The finding of a severe impairment at step two is a threshold determination. The finding of a single severe impairment is sufficient to require continuation of the sequential analysis. *See Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). The ALJ found at step two of the sequential analysis that plaintiff had three severe impairments. (Op., 3, PageID.44). The ALJ's failure to find additional severe impairments at step two is "legally irrelevant." *Hedges v. Commissioner*, 725 F. App'x 394, 395 (6th Cir. 2018) (citation and quotation omitted).

RFC is an administrative finding of fact reserved to the Commissioner. 20 C.F.R. § 404.1527(d); *see Mokbel-Aljahami v. Commissioner*, 732 F. App'x 395, 399-402 (6th Cir. 2018). While the RFC determination is made by the ALJ, an ALJ's RFC determination must be supported by substantial evidence. *Torres v. Commissioner*, 490 F. App'x 748, 754 (6th Cir. 2012). "In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" *Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8p (reprinted at 1996 WL 374184, at *5 (SSA July 2, 1996)).

Plaintiff emphasizes that Dr. Viera prescribed Norco for his chronic right shoulder pain. (Plf. Brief, 11, PageID.834). But the records generated by Dr. Viera and others at Patient Central/Urgent Care indicate that plaintiff was receiving his primary care for his shoulder elsewhere.[3] (ECF No. 7-7, PageID.328-35). Dr. Viera did not offer any opinion regarding plaintiff's functional restrictions (ECF No. 7-2, PageID.59), and as the ALJ noted, plaintiff did not file radiographs providing objective evidence of a right shoulder disorder. (Op., 4, PageID.45). Plaintiff has not presented evidence that a right shoulder impairment caused work-related restrictions not accommodated in the RFC limiting him to light work. *See Jordan v. Commissioner*, 548 F.3d 417, 423 (6th Cir. 2008).

Plaintiff attempts to raise a new issue in his reply brief regarding a need for a hand-held device for ambulation. (Reply Brief, 2-3, ECF No. 13, PageID.860-61). The proposed issue is waived on multiple levels. It is waived because it does not appear in plaintiff's statement of errors. *See Ealy v. Commissioner*, 594 F.3d 504, 513 (6th Cir. 2010); *Toll v. Commissioner*, No. 1:16-cv-705, 2017 WL 1017821, at *3 (W.D. Mich. Mar. 16, 2017). Further, it is waived because a reply brief is not the proper place to raise new arguments. *Bormuth v. Cty. of Jackson*, 870 F.3d 494, 500 (6th Cir. 2017) (*en banc*) (" 'We have consistently held, however, that arguments made to us for the first time in a reply brief are waived.' ") (quoting *Sanborn v. Parker*, 629

---

[3] Plaintiff indicated on a patient history form that he had been injured in automobile accidents that resulted in right shoulder surgery between 2001 and 2005, and left shoulder surgery in 2012. (ECF No. 7-7, PageID.242). Plaintiff performed heavy work until he retired in 2009. (ECF No. 7-2, PageID.63-64; ECF No. 7-6, PageID182-83, 192).

F.3d 554, 579 (6th Cir. 2010)).

Even assuming that this issue had not been waived, it is meritless. Plaintiff notes that the ALJ gave great weight to the state agency medical consultant's opinion that plaintiff was limited to a range of light work with postural limitations. He argues that the ALJ committed reversible error when he failed to incorporate into plaintiff's RFC a restriction corresponding to a sentence on the consultant's opinion indicating that, " '[a] medically required hand-held assistive device is necessary for ambulation.' " (Reply Brief, 2-3, ECF No.13, PageID.860-61) (quoting ECF No. 7-3, PageID.79). The sentence in question appears to be a vestige from another case. Plaintiff has not cited, and I have been unable to locate, any medical evidence in this record of physician-prescribed cane use. Absent such evidence, the error is harmless. *See Shinseki v. Sanders*, 556 U.S. 396, 407 (2009). I find no basis for disturbing the Commissioner's decision. The ALJ's finding regarding plaintiff's RFC is supported by substantial evidence.

### 3.

Plaintiff's third claim of error is that the ALJ "committed reversible error in failing to accord proper weight to the opinion of [] Eugene M. Choo, M.D., who is a specialist in the impairment of which [plaintiff] suffers." (Plf. Brief, 2, ECF No. 11, PageID.825; *see id.* at 13-16, PageID.836-39; Reply Brief, 4-5, ECF No. 13, PageID.862-63).

Plaintiff twice acknowledges in his statement of facts that Dr. Choo was a "consulting cardiologist." (Plf. Brief, 4, 6, PageID.827, 829). His argument that the

ALJ failed to give appropriate weight to Dr. Choo's opinions under the treating physician rule is misplaced.  Dr. Choo was not a treating physician.  His opinions were not subject to the treating physician rule.  *See Rudd v. Commissioner*, 531 F. App'x 719, 729 (6th Cir. 2013); *Louden v. Commissioner*, 507 F. App'x 497, 498 (6th Cir. 2012).  Plaintiff's treating and consulting physicians did not provide any opinions regarding plaintiff's functional restrictions during the period at issue.  (ECF No. 7-2, PageID.59).  The ALJ was not required to discuss the consultative cardiologist's opinion regarding plaintiff's condition in February 2015.  *See Conner v. Commissioner*, 658 F. App'x 248, 254 (6th Cir. 2016).  I find no error.

## Recommended Disposition

For the reasons set forth herein, I recommend that the Court affirm the Commissioner's decision.

Dated: January 20, 2019         /s/  Phillip J. Green
                                PHILLIP J. GREEN
                                United States Magistrate Judge


## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).