UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN JOSEPH DOHERTY,

    Plaintiff,

v.

Case No. 1:17-cv-984

HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the Commissioner's decision to deny Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The matter is presently before the Court on Plaintiff's three objections to the Report and Recommendation (ECF No. 15). Defendant filed a response to the objections (ECF No. 16). In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff first argues that the Magistrate Judge erred in "proclaim[ing] '[a]n impairment that only meets some of the criteria does not satisfy plaintiff's burden to prove that his impairments equals Listing 4.02'" (Pl. Objs., ECF No. 15 at PageID.880, quoting R&R, ECF No. 14 at PageID.868). According to Plaintiff, the Commissioner has dictated "a different standard of proof in 20 C.F.R. § 404.1526" (Medical equivalence) (*id.*). Specifically, Plaintiff asserts that "[t]o

prevail in an 'equaling' case, one does not have to prove all the elements of the Listing, just that one has the impairment and the effect of the impairment is equal to the effect of the impairment with the entire findings listed in the Regulations is proven" (*id.*). Plaintiff opines that the "Magistrate Judge, as did the ALJ, held the plaintiff to a higher degree of proof than is required by the Regulations" (*id.*).

Plaintiff's argument is without merit.

An impairment is "medically equal" to one that is recognized as preventing substantial gainful activity "if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526(a). The Supreme Court has instructed that "[f]or a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Hicks v. Comm'r of Soc. Sec.*, 105 F. App'x 757, 761 (6th Cir. 2004) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (internal citations omitted) (emphasis in original). "A claimant cannot qualify for benefits under the 'equivalence' step by showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment." *Zebley*, 493 U.S. at 531. *See also Mackey v. Comm'r of Soc. Sec.*, No. 16-6743, 2017 WL 6028679, at *4 (6th Cir. Aug. 23, 2017) (applying *Zebley*), cert. denied sub nom. *Mackey v. Berryhill*, 138 S. Ct. 1556 (2018); *Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 710 (6th Cir. 2013) (same); *Bailey v. Comm'r of Soc. Sec.*, 413 F. App'x 853, 854 (6th Cir. 2011) (same); *Hicks v. Comm'r of Soc. Sec.*, 105 F. App'x 757, 761 (6th Cir. 2004) (same). Accordingly, Plaintiff's first objection is denied.

Second, Plaintiff argues that the Magistrate Judge took "too limited a view" of "the ALJ's failure to include in his hypothetical questions the claimant's need to use a cane for ambulation to

further limit his [Residual Functional Capacity (RFC)] by arguing that the cane issue was a new argument raised in plaintiff's Reply Memo for the first time" (Pl. Objs., ECF No. 15 at PageID.881). According to Plaintiff, "[i]t was not a new argument but was an additional reason the ALJ failed to consider all the evidence pertaining to plaintiff's ability to pursue full time competitive work so that his RFC assessment is not supported by substantial evidence" (*id.* at PageID.881-882).

Plaintiff's argument is without merit. In his initial brief, Plaintiff argued that the ALJ did not comply with Social Security Ruling 96-8p in assessing his RFC and therefore the ALJ failed to consider "the impact of both severe and non-severe impairments on his ability to work" (ECF No. 11 at PageID.833-835). Plaintiff did not mention the ALJ's hypothetical questions or Plaintiff's need to use a cane or handheld device for ambulation. The Magistrate Judge did not too narrowly review the issue but correctly determined that Plaintiff raised a new argument in his reply brief in subsequently challenging the vocational expert's testimony based on "[t]he absence of the additional limitation (use of a cane) to light work capacity" (Reply, ECF No. 13 at PageID.860-61; R&R, ECF No. 14 at PageID.868). Accordingly, Plaintiff's second objection is denied.

Plaintiff's third objection concerns the weight the ALJ afforded the opinion of Eugene Choo, M.D. (Pl. Objs., ECF No. 15 at PageID.882). Plaintiff's "objection" wholly fails to address—let alone identify any factual or legal error in—the Magistrate Judge's analysis of this issue. A party filing objections to a report and recommendation is required to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). The "purpose [of filing objections] is not served if the district court is required to conduct a complete, de novo review of all of the

3

pleadings that were considered by the magistrate judge." *Freeman v. Sec'y of Health & Human Servs.*, 972 F.2d 347, at *2 (6th Cir. 1992). Rather, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Consequently, Plaintiff's third objection is denied.

In sum, Plaintiff fails to persuade the Court of any factual or legal error by the Magistrate Judge requiring rejection of the Report and Recommendation. Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 15) are DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 14) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.


Dated: March 25, 2019					/s/ Janet T. Neff
							JANET T. NEFF
							United States District Judge